IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 150, AFL-CIO ) ) ) | CIVIL ACTION<br><br>NO. 07 C 6929 |
| Plaintiff, ) | |
| vs. ) ) ) | JUDGE: Gettleman<br><br>MAGISTRATE JUDGE: Schenkier |
| MAHONEY & ASSOCIATES, L.L.C. an Illinois limited liability company, ) ) ) | |
| Defendant. ) | |

## UNSWORN DECLARATION OF STEVEN M CISCO
## PURSUANT TO 28 U.S.C. § 1746

1. At all relevant times I have been employed by Plaintiff, International Union of Operating Engineers, Local 150, AFL-CIO, as Recording-Corresponding Secretary. I am now and have since 1986 been the Recording-Corresponding Secretary of Plaintiff.

2. I have read the Complaint filed in this action, have personal knowledge of all facts alleged therein and could so testify if called upon to do so.

3. As Recording-Corresponding Secretary, my current responsibilities include keeping and maintaining records of grievances and Joint Grievance Committee awards entered pursuant to collective bargaining agreements between Local 150 and various employers and multi-employer bargaining associations. I maintain records on each person, firm and corporation and have under my supervision and direction all books, records, documents and papers relating to Plaintiff Union.

4. On or about June 20, 2003, Mahoney & Associates, L.L.C. ("the Company") executed a "Memorandum of Agreement" with Local 150. By its terms, that Memorandum adopted the

Collective Bargaining Agreement between Local 150 and Excavators, Inc. known as the Heavy and Highway and Underground Agreement (the "Master Agreement").

5. In July 2006, a dispute arose between Local 150 and the Company under the terms of the applicable Agreement. The parties attempted to resolve the dispute pursuant to the contractual grievance procedure but were unable to do so.

6. On January 25, 2007, the Joint Grievance Committee established by the Agreement conducted a hearing into the grievance brought by Local 150 against the Company. Based upon the evidence presented at the hearing, the JGC awarded Local 150 $435.44 in lost wages and benefits. The JGC notified the Company of its decision and award.

7. The Company failed to comply with the JGC award within seven (7) days. Therefore, the Company is required to pay an additional $43.54, representing ten (10%) percent liquidated damages, or a total of $478.98.

8. Despite repeated demands by Local 150 the Company has failed and refused to comply with the JGC award.

9. I make this statement in support of the application of Plaintiff for default judgment and request this Court to consider the same as proof in support of the allegations contained in the Complaint of the Plaintiff and such other facts herein set forth.

### Certification

I, STEVEN M. CISCO, pursuant to 28 U.S.C. § 1746, certify under penalty of perjury that the statements in the foregoing declaration are true and correct.

Executed on April 23, 2008.

_____
STEVEN M. CISCO

I:\AE\MAHONEY & ASSOCIATES-AE-00086\PLEADINGS\MOTION FOR DEFAULT\CISCO AFFIDAVIT.DOC

AO 440 (Rev. 05/00) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS

**07 C 6929**

SUMMONS IN A CIVIL CASE

International Union of Operating Engineers,
Local 150, AFL-CIO,
           Plaintiff,

V.

Mahoney & Associates, L.L.C., an Illinois
limited liability company,
           Defendants.

CASE NUMBER:     **JUDGE GETTLEMAN**
                        **MAGISTRATE JUDGE SCHENKIER**

ASSIGNED JUDGE:

DESIGNATED
MAGISTRATE JUDGE:

TO: (Name and address of Defendant)

Please serve:   Mahoney & Associates, L.L.C.
                c/o Registered Agent
                Clinton Mahoney
                237 E. Ontario
                Chicago, IL 60611

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Dale D. Pierson
Elizabeth A. LaRose
Melissa L. Binetti
Local 150 Legal Department
6140 Joliet Road, Countryside, IL 60525

an answer to the complaint which is herewith served upon you, within   **20**   days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

**Michael W. Dobbins, Clerk**

_____
(By) DEPUTY CLERK

**December 10, 2007**
_____
Date

AO 440 (Rev. 05/00) Summons in a Civil Action

## RETURN OF SERVICE

| | |
|---|---|
| Service of the Summons and complaint was made by me⁽¹⁾ | DATE 12-28-07 @ 2:45pm |
| NAME OF SERVER (PRINT) Deborah Georges Brodlo | TITLE Process Server |

Check one box below to indicate appropriate method of service

☐ Served personally upon the defendant. Place where served: 237 E. Ontario, 1st Floor, Chicago, IL c/o James Mahoney - authorized to accept.

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

☐ Other (specify): _____

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on  12-31-07
          Date

Signature of Server: *Deborah Brodlo*

Address of Server: PO Box 971, Elgin IL 60121

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 150, AFL-CIO | ) ) ) ) | CIVIL ACTION<br><br>NO. 07 C 6929 |
| Plaintiff, | ) ) ) | |
| vs. | ) ) ) ) | JUDGE: Gettleman<br><br>MAGISTRATE JUDGE: Schenkier |
| MAHONEY & ASSOCIATES, L.L.C. an Illinois limited liability company, | ) ) ) | |
| Defendant. | ) | |

## UNSWORN DECLARATION OF DALE D. PIERSON PURSUANT TO 28 U.S.C. § 1746

1. I am General Counsel to the International Union of Operating Engineers, Local 150, AFL-CIO (Local 150) and am one of the attorneys for the Plaintiff in the above-captioned action. I have personal knowledge of the facts regarding this matter and the time expended in the prosecution of this action now pending in the United States District Court. If called as a witness, I am competent to testify in respect thereto.

2. My associates and I have expended four and one-half (4.5) hours in the prosecution of the above-entitled action, including the initial investigation and preparation of the Complaint, and preparing and filing of the instant motion for default judgment, including declarations in support thereof.

3. I have in my possession a complete written record of the hours expended in the prosecution of this action in the form of redacted contemporaneous time records which specify the various activities of Counsel required in the litigation of this matter and confirms the number of hours expended as set forth above.

4.  The usual and normal hourly charges by attorney's of Local 150's Legal Department for Federal Court litigation under the Labor-Management Relations Act range from $225.00 per hour to $400.00 per hour based on level of experience.

5.  To the best of my knowledge and belief, the rates charged per hour are less than or equal to the usual and customary rates charged by other law firms doing similar work in the United States District Court for the Northern District of Illinois.

6.  Furthermore, the Master Agreement entered into between Local 150 and Excavators, Inc., to which terms and provisions the Defendant is bound, provides that in the event the prevailing party is required to file suit to enforce the decision or award, and it prevails, it shall be entitled to recover its costs, including attorney's fees, from the losing party.

7.  Affiant makes this Affidavit in support of the Plaintiff's Motion for Default Judgment and an award of Plaintiff's reasonable attorneys' fees in the sum of $1,125.00.

## Certification

I, DALE D. PIERSON, pursuant to 28 U.S.C. § 1746, certify under penalty of perjury that the statements in the foregoing declaration are true and correct.

Executed on April 23, 2008.

DALE D. PIERSON

I:\AE\MAHONEY & ASSOCIATES-AE-00086\PLEADINGS\MOTION FOR DEFAULT\DDP DECLARATION.DOC

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 150, AFL-CIO | ) ) ) | CIVIL ACTION |
| | ) | NO. 07 C 6929 |
| Plaintiff, | ) ) ) | |
| vs. | ) ) ) | JUDGE: Gettleman |
| | ) | MAGISTRATE JUDGE: Schenkier |
| MAHONEY & ASSOCIATES, L.L.C. an Illinois limited liability company, | ) ) ) | |
| Defendant. | ) | |

## UNSWORN DECLARATION OF MELISSA L. BINETTI PURSUANT TO 28 U.S.C. § 1746

1.  That I am one of the attorneys for the Plaintiff in this action. I have personal knowledge of the facts regarding this matter and the costs expended in the prosecution of it and, if called as a witness, could so testify.

2.  On December 10, 2007, we filed this action and paid the $350.00 filing fee. On December 28, 2007, we caused the Defendant to be served copies of the Summons and Complaint, at a cost of $75.00, for a total cost of $425.00.

### Certification

I, MELISSA L. BINETTI, pursuant to 28 U.S.C. § 1746, certify under penalty of perjury that the statements in the foregoing declaration are true and correct.

Executed on April 23, 2008.

_____
MELISSA L. BINETTI

I:\AE\MAHONEY & ASSOCIATES-AE-00086\PLEADINGS\MOTION FOR DEFAULT\MLB DECLARATION.DOC

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 150, AFL-CIO | ) ) ) | CIVIL ACTION NO. 07 C 6929 |
| Plaintiff, | ) ) ) | |
| vs. | ) ) ) | JUDGE: Gettleman |
| | ) | MAGISTRATE JUDGE: Schenkier |
| MAHONEY & ASSOCIATES, L.L.C. an Illinois limited liability company, | ) ) ) | |
| Defendant. | ) | |

## **JUDGMENT ORDER**

This matter coming on to be heard upon the Motion of Plaintiff, International Union of Operating Engineers, Local 150, AFL-CIO ("Local 150"), by their counsel, it appearing to the Court that the Defendant, Mahoney & Associates, L.L.C., having been regularly served with process and having failed to appear, plead or otherwise defend, and default of said Defendant having been taken, the Court, first being fully advised in the premises and upon further evidence submitted herewith, FINDS:

That it has jurisdiction of the subject matter herein and of the parties hereto.

That the Defendant is bound by the terms of the Master Agreement and collective bargaining agreement or agreements referred to in the Complaint of Plaintiff.

That in July 2006, a dispute arose between Local 150 and Defendant under the terms of the Master Agreement. The parties attempted to resolve the dispute at a Step One conference pursuant to the Master Agreement but were unable to do so.

That pursuant to Step Two of the Master Agreement Local 150 reduced the grievance to writing and sought to set up a meeting whereby it could be resolved, but were unable to do so. Consequently, pursuant to Step Three of the contractual grievance procedure, Local 150 submitted the grievance against Defendant to the Joint Grievance Committee.

That the JGC conducted a hearing into the grievance and based upon the evidence presented at the hearing, the JGC awarded Local 150 $435.44 in lost wages and benefits.

That Defendant failed to comply with the award within seven days; therefore, Defendant is required to pay an additional $43.54 representing ten percent (10%) liquidated damages, or a total of $478.98.

That despite repeated demands by Local 150, Defendant has failed and refused to comply with the JGC award.

That under the Master Agreement in the event the prevailing party is required to file suit to enforce the decision or award, and if it prevails, it shall be entitled to recover its costs, including attorneys' fees, from the losing party. Local 150's costs total $425.00 and attorneys' fees total $1,125.00.

That there is no just cause for delay in the entry of a Judgment Order as to the sum of $2,028.98 owed to the Plaintiff from Defendant.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED:

That Plaintiff recover from the Defendant, Mahoney & Associates, L.L.C., the sum of $478.98.

That Plaintiff recover from the Defendant, the sum of $425.00 for the costs of these proceedings and the sum of $1,125.00 for Plaintiff's just and reasonable attorneys' fees.

That Plaintiff recover from the Defendant, Mahoney & Associates, L.L.C., the total amount of **$2,028.98**, which includes lost wages and benefits, liquidated damages, costs and attorneys' fees.

Plaintiff is awarded execution for the collection of the Judgment and costs and fees granted hereunder.

The Court hereby retains jurisdiction of this cause and all of the parties hereto for the purpose of enforcing this Order.

ENTER:

_____
UNITED STATES DISTRICT COURT

DATED:_____

Name and Address of Attorneys for the Plaintiff:

Dale D. Pierson
Elizabeth A. LaRose
Melissa L. Binetti
Lauren S. Shapiro
Local 150 Legal Dept.
6140 Joliet Road
Countryside, IL  60525
(708) 579-6663

\\SERVER\DATA\AE\MAHONEY & ASSOCIATES-AE-00086\PLEADINGS\MOTION FOR DEFAULT\JUDGMENT ORDER.DOC