State of Illinois

General No.: 07C6929

County of USDC CHICAGO

## AFFIDAVIT OF SERVICE

LEROY KARCZEWSKI deposes and says that he/she is a licensed or registered employee of a Private Detective Agency, licensed by the Illinois Department of Professional Regulation and therefore authorized, pursuant to the provisions of Chapter 735, Code of Civil Procedure Section 5/2-202, Illinois Compiled Statutes, to serve process in the above cause, and that the defendant was served in the following manner:

On 8/21/2008 at 10:40:00 AM by leaving a true and correct copy of the attached CITATION TO DISCOVER ASSETS; CITATION NOTICE with Mahoney & Associates, LLC c/o Clinton Mahoney as shown below:

Served the wihin named Mahoney & Associates, LLC c/o Clinton Mahoney by delivering a true and correct copy of the CITATION TO DISCOVER ASSETS; CITATION NOTICE, to Refused Name a person authorized to accept service of process as agent.

Said service was effected at 237 E. Ontario, Chicago, IL  60611

Description of Person Served Sex:   Height:   Weight:   Race:   Age:

Additional or Other Information:

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to such matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

8-22-08
Dated

Leroy Karczewski
117-000192

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 150, AFL-CIO </br></br>Plaintiff/Judgment Creditor, </br></br>vs. </br></br>MAHONEY & ASSOCIATES, L.L.C. an Illinois limited liability company, </br></br>Defendant/Judgment Debtor. | CIVIL ACTION </br></br>NO. 07 C 6929 </br></br></br></br>JUDGE: Gettleman </br></br>MAGISTRATE JUDGE: Schenkier |

## Certificate of Mailing

Under penalties provided by law pursuant to Section 1-109 of the Code of Civil Procedure (735 ILCS 5/1-109), the undersigned certifies that he/she mailed a copy of the Citation to Discover Assets and the Citation Notice by first class mail to the judgment debtor's last known address as stated on the Citation Notice.

Signature: *Sue Erickson*
Name: Sue Erickson
Date: 8-22-08

I:\AE\Mahoney & Associates-AE-00086\Citation\Cert.of.Mailing.doc

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 150, AFL-CIO | CIVIL ACTION<br><br>NO. 07 C 6929 |
| Plaintiff/Judgment Creditor, | |
| vs. | JUDGE: Gettleman |
| | MAGISTRATE JUDGE: Schenkier |
| MAHONEY & ASSOCIATES, L.L.C. an Illinois limited liability company, | |
| Defendant/Judgment Debtor. | |

## CITATION NOTICE

Judgment Debtor's Last Known Address:

Mahoney & Associates, LLC
c/o Clinton Mahoney, Owner
12736 S. Ridgeway
Alsip, IL 60803

Judgment Creditor/Creditor's Attorney:

Melissa Binetti
IUOE Local 150, Legal Department
6140 Joliet Road
Countryside, IL 60525

Judgment in the amount of $3,113.28 for International Union of Operating Engineers, Local 150, ALF-CIO. Of that amount, $2,390.15 remains unsatisfied.

Name of Person Receiving Citation: <u>Clinton Mahoney, Mahoney & Associates, L.L.C.</u>

Date & Time: <u>August 27, 2008 at 10 a.m.</u>

   The court has issued a citation against the person named above. The citation directs that person to appear at the offices of Plaintiff's counsel to be examined for the purpose of allowing the judgment creditor to discover income and assets belonging to the judgment debtor or in which the judgment debtor has an interest. The citation was issued on the basis of a judgment against the judgment debtor in favor of the judgment creditor in the amount stated above. On or after the date stated above, the court may compel the application of any discovered income or assets toward payment on the judgment.

   The amount of income or assets that may be applied toward the judgment is limited by federal and Illinois law. THE JUDGMENT DEBTOR HAS THE RIGHT TO ASSERT STATUTORY EXEMPTIONS AGAINST CERTAIN INCOME OR ASSETS OF THE JUDGMENT DEBTOR WHICH MAY NOT BE USED TO SATISFY THE JUDGMENT IN THE AMOUNT STATED ABOVE:

(1)  Under Illinois or federal law, the exemptions of personal property owned by the debtor include the debtor's equity interest, not to exceed $4,000 in value, in any personal property as chosen by the debtor; Social Security and SSI benefits; public assistance benefits; unemployment compensation benefits; worker's compensation benefits; veteran's benefits; circuit breaker property tax relief benefits; the debtor's equity interest, not to exceed $2,400 in value, in any one motor vehicle, and the debtor's equity interest, not to exceed $1,500 in value, in any implements, professional books, or tools of the trade of the debtor.

(2)  Under Illinois law, every person is entitled to an estate in homestead, when it is owned and occupied as a residence, to the extent in value of $15,000, which homestead is exempt from judgment.

(3)  Under Illinois law, the amount of wages that may be applied toward a judgment is limited to the lesser of (i) 15% of gross weekly wages or (ii) the amount by which disposable earnings for a week exceed the total of 45 times the federal minimum hourly wage or, under a wage deduction summons served on or after January 1, 2006, the Illinois minimum hourly wage, whichever is greater.

(4)  Under federal law, the amount of wages that may be applied toward a judgment is limited to the lesser of (i) 25% of disposable earnings for a week or (ii) the amount by which disposable earnings for a week exceed 30 times the federal minimum hourly wage.

(5)  Pension and retirement benefits and refunds may be claimed as exempt under Illinois law.

The judgment debtor may have other possible exemptions under the law.

THE JUDGMENT DEBTOR HAS THE RIGHT AT THE CITATION HEARING TO DECLARE EXEMPT CERTAIN INCOME OR ASSETS OR BOTH.  The judgment debtor also has the right to seek a declaration at an earlier date, by notifying the clerk in writing at 219 South Dearborn Street, 20th Floor, Chicago, IL 60604.  When so notified, the Clerk of the Court will obtain a prompt hearing date from the court and will provide the necessary forms that must be prepared by the judgment debtor or the attorney for the judgment debtor and sent to the judgment creditor and the judgment creditor's attorney regarding the time and location of the hearing.  This notice may be sent by regular first class mail.

I:\AE\Mahoney & Associates-AE-00086\Citation\Citation.notice.08.06.08.doc

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 150, AFL-CIO | CIVIL ACTION<br><br>NO. 07 C 6929 |
| Plaintiff/Judgment Creditor, | |
| vs. | JUDGE: Gettleman<br><br>MAGISTRATE JUDGE: Schenkier |
| MAHONEY & ASSOCIATES, L.L.C. an Illinois limited liability company, | |
| Defendant/Judgment Debtor. | |

**CITATION TO DISCOVER ASSETS**

TO:   Mahoney & Associates, LLC
       c/o Clinton Mahoney, Registered Agent & Owner
       237 E. Ontario
       Chicago, IL 60611

YOU ARE SUMMONED to be present in person, individually and in your capacity as an officer or agent of the above-named Defendant, at the offices of I.U.O.E. Local 150, Legal Department, 6140 Joliet Road, Countryside, Illinois, with Plaintiff's counsel, on **the 27th day of August, 2008**, at the hour of **10 a.m.**, and thereafter until the above-entitled cause shall be concluded; and then and there to answer under oath such questions as may be put to you concerning the personal and real properly of and/or indebtedness due the above-named Defendant, and to abide by the further order of the Court.

WARNING: YOUR FAILURE TO APPEAR AS HEREIN DIRECTED MAY CAUSE YOU TO BE ARRESTED AND BROUGHT BEFORE THE COURT TO ANSWER TO A CHARGE OF CONTEMPT OF COURT, WHICH MAY BE PUNISHABLE BY IMPRISONMENT IN THE FEDERAL JAIL.

You are further commanded to produce at said time and place:

   A.   Defendant's checking and savings account records;

   B.   Defendant's accounts receivable ledgers;

   B.   Defendant's current financial statement;

   D.   Copies of all title documents to property of Defendant, both personal and real;

E.   Copies of all documents evidencing security interests in Defendant's personal property;

F.   Copies of all documents evidencing mortgages or equitable interests in any real property of Defendant;

G.   All books, papers or records in your possession or control which may contain information concerning the property or income of, or indebtedness due, Defendant; and

H.   Copies of all contracts or subcontracts for work currently being performed or to be performed by Defendant.

YOU ARE PROHIBITED, as of the date upon which this Citation was served upon you, from making or allowing any transfer or other disposition of, or interference with, any property not exempt from execution or garnishment belonging to the judgment debtor or to which it may be entitled or which may be acquired by or become due to it and from paying over or otherwise disposing of any money not so exempt, which is due or becomes due to it, until the further order of Court or termination of the proceedings.  You may be held personally accountable should you violate this injunction.  You are not required to withhold the payment of any money beyond double the amount of the judgment.

In the United States District Court for the Northern District of Illinois, Eastern Division, judgment was entered in favor of the Plaintiff on April 29, 2008, in the aggregate sum of $2,028.98. Judgment was amended on July 11, 2008 to include additional costs and attorneys' fees in the amount of $1,084.30.  Pursuant to the Turnover Order entered on July 11, 2008, Garnishee American Chartered Bank turned over $723.13 to Plaintiff.  The total amount of $2,390.15 remains unsatisfied.

I, the undersigned attorney for Plaintiff, certify to the Court under penalty of perjury that the foregoing is true and correct.

_____
Attorney for the Plaintiff

Melissa L. Binetti
Attorney for Plaintiff
Local 150 Legal Department
6140 Joliet Road
Countryside, IL 60525
Ph. 708/579-6663

MICHAEL W. DOBBINS
_____
Clerk of Court

_____
Deputy Clerk

AUG 5 2008
_____
Date

(Seal of Court)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 150, AFL-CIO | ) CIVIL ACTION )<br>) NO. 07 C 6929 |
| Plaintiff, | ) |
| vs. | ) JUDGE: Gettleman )<br>) MAGISTRATE JUDGE: Schenkier |
| MAHONEY & ASSOCIATES, L.L.C. an Illinois limited liability company, | ) |
| Defendant. | ) |

## JUDGMENT ORDER

This matter coming on to be heard upon the Motion of Plaintiff, International Union of Operating Engineers, Local 150, AFL-CIO ("Local 150"), by their counsel, it appearing to the Court that the Defendant, Mahoney & Associates, L.L.C., having been regularly served with process and having failed to appear, plead or otherwise defend, and default of said Defendant having been taken, the Court, first being fully advised in the premises and upon further evidence submitted herewith, FINDS:

That it has jurisdiction of the subject matter herein and of the parties hereto.

That the Defendant is bound by the terms of the Master Agreement and collective bargaining agreement or agreements referred to in the Complaint of Plaintiff.

That in July 2006, a dispute arose between Local 150 and Defendant under the terms of the Master Agreement. The parties attempted to resolve the dispute at a Step One conference pursuant to the Master Agreement but were unable to do so.

That pursuant to Step Two of the Master Agreement Local 150 reduced the grievance to writing and sought to set up a meeting whereby it could be resolved, but were unable to do so. Consequently, pursuant to Step Three of the contractual grievance procedure, Local 150 submitted the grievance against Defendant to the Joint Grievance Committee.

That the JGC conducted a hearing into the grievance and based upon the evidence presented at the hearing, the JGC awarded Local 150 $435.44 in lost wages and benefits.

That Defendant failed to comply with the award within seven days; therefore, Defendant is required to pay an additional $43.54 representing ten percent (10%) liquidated damages, or a total of $478.98.

That despite repeated demands by Local 150, Defendant has failed and refused to comply with the JGC award.

That under the Master Agreement in the event the prevailing party is required to file suit to enforce the decision or award, and if it prevails, it shall be entitled to recover its costs, including attorneys' fees, from the losing party. Local 150's costs total $425.00 and attorneys' fees total $1,125.00.

That there is no just cause for delay in the entry of a Judgment Order as to the sum of $2,028.98 owed to the Plaintiff from Defendant.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED:

That Plaintiff recover from the Defendant, Mahoney & Associates, L.L.C., the sum of $478.98.

That Plaintiff recover from the Defendant, the sum of $425.00 for the costs of these proceedings and the sum of $1,125.00 for Plaintiff's just and reasonable attorneys' fees.

That Plaintiff recover from the Defendant, Mahoney & Associates, L.L.C., the total amount of **$2,028.98**, which includes lost wages and benefits, liquidated damages, costs and attorneys' fees.

Plaintiff is awarded execution for the collection of the Judgment and costs and fees granted hereunder.

The Court hereby retains jurisdiction of this cause and all of the parties hereto for the purpose of enforcing this Order.

ENTER:

_____
UNITED STATES DISTRICT COURT

DATED: April 29, 2008

Name and Address of Attorneys for the Plaintiff:

Dale D. Pierson
Elizabeth A. LaRose
Melissa L. Binetti
Lauren S. Shapiro
Local 150 Legal Dept.
6140 Joliet Road
Countryside, IL 60525
(708) 579-6663

\\SERVER\DATA\AE\MAHONEY & ASSOCIATES-AE-00086\PLEADINGS\MOTION FOR DEFAULT\JUDGMENT ORDER.DOC

Case 1:07-cv-06929   Document 25     Filed 09/02/2008   Page 10 of 10
Case 1:07-cv-06929   Document 23     Filed 07/11/2008   Page 1 of 1
Case 1:07-cv-06929   Document 19-2   Filed 06/25/2008   Page 14 of 15

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 150, AFL-CIO,<br>Plaintiff, | CIVIL ACTION NO. 07 C 6929 |
| vs. | JUDGE Gettleman |
| MAHONEY & ASSOCIATES, LLC, an Illinois Limited Liability Company,<br>Defendant, | MAGISTRATE JUDGE: Schenkier |

## ORDER AMENDING JUDGMENT

This matter coming to be heard upon Plaintiff's Motion for Entry of Turnover Order and Amendment of Judgment, the Court being fully advised on the premises, it is hereby ordered that:

1. The Judgment entered on April 29, 2008 against the Defendant in the amount of $2,028.98 is amended to include additional costs and attorneys' fees in the amount of $1,084.30, incurred by Plaintiff in obtaining a garnishment order and in preparing the aforementioned motion, for a total judgment of **$3,113.28**.

2. The Court shall retain jurisdiction for the purpose of enforcing this order.

ENTER:

*Robert W. Gettleman*
UNITED STATES DISTRICT COURT

DATED: July 11, 2008

1